DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HORACIO PABLO MARTINEZ** and **MARIA MERCEDES MERINO,**
Appellants,

v.

**JP MORGAN CHASE BANK N.A.,**
Appellee.

No. 4D2025-1072

---

**HORACIO PABLO MARTINEZ** and **MARIA MERCEDES MERINO,**
Appellants,

v.

**PRICE FOR LIMO, LLC, ERIC SALAT,** and **YOLANDA V. SALAT,**
Appellees.

Nos. 4D2025-1073

---

**HORACIO PABLO MARTINEZ** and **MARIA MERCEDES MERINO,**
Appellants,

v.

**LYUDMILA WEINSTEIN,**
Appellee.

Nos. 4D2025-1075

[July 1, 2026]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case Nos. 062024CA011992AXXXCE, 62024CA012000AXXXCE, and 062024CA012007AXXXCE.

Keith Thomas Grumer of Grumer Law, P.A., Weston, for appellants.

Charles Porter Gufford of McCalla Raymer Liebert Pierce, LLP, Orlando, for appellee JP Morgan Chase Bank, N.A.

David Clark Borucke of Cole, Scott & Kissane, Tampa, for appellees Price for Limo, LLC, Eric Salat, and Yolanda V. Salat.

Matthew Fornaro of Matthew Fornaro, P.A., Coral Springs, for appellee Lyudmila Weinstein.

GROSS, J.

Horacio Pablo Martinez ("Pablo") and Maria Mercedes Merino ("Mercedes") appeal from three final orders, each dismissing with prejudice a distinct supplemental complaint in proceedings supplementary asserting fraudulent transfers under Chapter 726, Florida Statutes. The basis for each dismissal was that the complaint was time barred. We consolidate the three appeals for purposes of this opinion.

Because we conclude that the supplemental complaints related back to the motion to commence proceedings supplementary, we reverse and hold that the statute of limitations did not bar the Chapter 726 actions in their entirety.

### *The Unsatisfied Judgments*

Appellants hold unsatisfied judgments against the judgment debtors, A Class Limos, LLC ("A Class Limos") and Edward Boginsky ("Edward"). Specifically, in June 2020, Pablo obtained a Partial Summary Final Judgment against A Class Limos for $48,868.52 on his money lent claim. In October 2020, following a bench trial, Pablo obtained a final judgment against Edward individually for $51,387.06 and Mercedes obtained a final judgment against A Class Limos for $3,414.57.

### *Motion to Commence Proceedings Supplementary*

On June 17, 2021, appellants filed a Motion to Commence Proceedings Supplementary to Execution and for Impleader against JPMorgan Chase Bank, N.A. ("Chase"), Lyudmila Weinstein ("Weinstein"), Empire Luxury Limousine, LLC ("Empire"), and Price for Limo, LLC, Eric Salat, and Yolanda Salat (the "Price for Limo Parties").

### *Order Granting Motion to Commence and for Impleader*

On August 26, 2021, the trial court entered an Order Granting Judgment Creditors' Motion to Commence Proceedings Supplementary to Execution and for Impleader (the "Impleader Order"). The Impleader Order found that appellants had "made a sufficient showing in their affidavit that they are entitled to proceedings supplementary." The Impleader Order directed appellants to serve each supplementary proceeding defendant ("defendant") with a copy of the motion and the order in the manner specified by section 56.29, Florida Statutes. The Impleader Order further required each defendant to serve a written response to the allegations in the motion within 20 days of service or be subject to default.

### *Denial of Motions to Quash Service*

Some of the defendants, including Chase, moved to quash service. The trial court denied the motions but required appellants to provide a Statement of Particulars identifying the assets transferred.

### *Statement of Particulars*

In March 2022, appellants served the defendants with a Statement of Particulars. The Statement of Particulars alleged that A Class Limos' payments to Chase in the amount of $122,511.64—a figure later revised to $145,079.18—constituted a fraudulent transfer of corporate assets to Chase on a mortgage debt owed by Izabella Boginsky (an insider of A Class Limos) and Weinstein (Izabella's mother). The Statement of Particulars further alleged that A Class Limos fraudulently transferred vehicles to the Price for Limo Parties, who then transferred the vehicles to Empire.

### *The August 2024 Supplemental Complaints*

On August 21, 2024, appellants filed a "Supplemental Complaint in Proceedings Supplementary Pursuant to Fla. Stat. § 56.29(9)" against Chase, another against Weinstein, and another against the Price for Limo Parties. Appellants alleged that the claims related back to the Impleader Order and the Statement of Particulars.

The supplemental complaints were premised upon the same fraudulent transfers identified in the Statement of Particulars.

The supplemental complaints against Chase and Weinstein were premised upon A Class Limos making $145,079.18 in mortgage payments to Chase on a joint mortgage debt owed by Izabella and Weinstein. An

3

exhibit to the supplemental complaints against Chase and Weinstein showed that the mortgage payments were made between 2014 and 2019.

The supplemental complaint against the Price for Limo Parties was premised upon A Class Limos transferring four vehicles to the Price for Limo Parties in 2019, which the Price for Limo Parties sold for $125,000.

Each supplemental complaint asserted two counts of fraudulent transfer under Chapter 726, Florida Statutes. Count I alleged that the transfers were avoidable under section 726.105, as the debtor made the transfers with actual intent to defraud and without receiving reasonably equivalent value. Count II alleged that the transfers were avoidable under section 726.106, as the debtor gave no reasonably equivalent value for the transfer and was insolvent at the time or became insolvent as a result.

The supplemental complaints also alleged that appellants commenced the proceedings supplementary within one year of discovering the transfers.

### *Notices to Appear*

On August 22, 2024, appellants served Notices to Appear on Chase, Weinstein, and the Price for Limo Parties, and also served an Amended Notice to Appear on Chase.

### *Motions to Dismiss*

The defendants moved to dismiss the supplemental complaints, arguing in relevant part that the claims were barred by section 726.110's statute of limitations and that the supplemental complaint did not relate back to any prior pleading.

### *Orders Granting Motions to Dismiss*

In three separate orders, the trial court granted each defendant's motion to dismiss, ruling that "the Supplemental Complaint is time barred, does not relate back to any prior pleading, and is hereby dismissed with prejudice." The court cited section 726.110, Florida Statutes, and *McGregor v. Fowler White Burnett, PA*, 332 So. 3d 481 (Fla. 4th DCA 2021), in support of its ruling. The court also struck the Notices to Appear with prejudice, again citing *McGregor*. This appeal ensued.

### *Standard of Review*

A trial court's ruling on a motion to dismiss is reviewed de novo. *Palm Beach Cnty. Sch. Bd. v. Doe*, 210 So. 3d 41, 43 (Fla. 2017). The issue of whether a complaint relates back to a prior filing for purposes of applying the statute of limitations is also reviewed de novo. *Kopel v. Kopel*, 229 So. 3d 812, 815 (Fla. 2017).

### *Statutory Framework for Proceedings Supplementary*

To initiate a proceeding supplementary, a judgment creditor holding an unsatisfied judgment must file a motion and affidavit stating that "the execution is valid and outstanding." § 56.29(1), Fla. Stat. (2024). The motion or a supplemental affidavit must "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." § 56.29(2), Fla. Stat. (2024).

Upon such a filing, the court must issue a Notice to Appear directing any person holding property of the judgment debtor to file an affidavit "stating why the property, debt, or other obligation should not be applied to satisfy the judgment." § 56.29(2), Fla. Stat. (2024). Where the judgment debtor, within one year before service of process in the original proceeding, "has had title to, or paid the purchase price of, any personal property" to which a spouse, relative, or "any person on confidential terms with the judgment debtor claims title and right of possession," the judgment debtor bears "the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors." § 56.29(3)(a), Fla. Stat. (2024). Further, if any transfer has been made "by the judgment debtor to delay, hinder, or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution." § 56.29(3)(b), Fla. Stat. (2024).

Additionally, "[t]he court may order any property of the judgment debtor not exempt from execution or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt." § 56.29(6)(a), Fla. Stat. (2024). "The court may enter any orders, judgments, or writs required to carry out the purpose of this section, . . . including entry of money judgments . . . against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such

5

person has retained the property[.]" *Id.*

A judgment creditor may also bring claims under Florida's Uniform Fraudulent Transfer Act ("UFTA") within a proceeding supplementary pursuant to section 56.29(9), which states that "[t]he court may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property." § 56.29(9), Fla. Stat. (2024). Such claims "shall be initiated by a supplemental complaint and served as provided by the rules of civil procedure," and are "subject to chapter 726 and the rules of civil procedure." *Id.* Thus, "chapter 726 governs the timeliness of a UFTA claim brought under section 56.29(9)." *Uoweit, LLC v. Fleming*, 300 So. 3d 1201, 1205 (Fla. 4th DCA 2020). Before the 2014 amendments to section 56.29, a judgment creditor could bring fraudulent transfer claims in proceedings supplementary for the life of the judgment. *See Biel Reo, LLC v. Barefoot Cottages Dev. Co.*, 156 So. 3d 506, 507–08, 511 (Fla. 1st DCA 2014).

Under the current version of section 56.29(9), Florida Statutes (2024), however, UFTA claims brought in proceedings supplementary "are subject to chapter 726," and are thus subject to the following limitations periods set forth in section 726.110: (1) a cause of action under section 726.105(1)(a) is extinguished four years after the transfer was made or, if later, one year after the transfer was or could reasonably have been discovered by the claimant; (2) a cause of action under section 726.105(1)(b) or section 726.106(1) is extinguished four years after the transfer was made; and (3) a cause of action under section 726.106(2) is extinguished one year after the transfer was made. § 726.110(1)–(3), Fla. Stat. (2024).

In *McGregor*, 332 So. 3d at 490–91, we held that fraudulent transfer claims seeking a money judgment in proceedings supplementary "must be pursued under section 56.29(9) and are therefore subject to chapter 726's limitations periods." We reasoned that "subsection (3)(b) does not allow for an award of money damages, but rather limits relief to voiding the transfer and directing the sheriff to take identifiable personal property to satisfy the execution." *Id.* at 491. We further reasoned that "section 56.29(6) does not authorize the entry of a money judgment based on a claim under subsection (3)(b)," because "the express language of subsections (3)(b) and (9) controls over the more general language of subsection (6)." *Id.*

6

By contrast, in *Rosenberg v. U.S. Bank, N.A.*, 360 So. 3d 795, 800–01 (Fla. 3d DCA 2023), the Third District disagreed with *McGregor* and held that the fraudulent transfer remedy in section 56.29(3) is "separate and distinct" from Chapter 726 and "therefore extends for the life of the judgment." The Third District further held that section 56.29(6) "expressly authorizes money judgments as remedies in proceedings supplementary in general, including claims for fraudulent transfers" under subsection (3). *Id.* at 802.

The Eleventh Circuit Court of Appeals has certified multiple questions regarding the proper interpretation of section 56.29, which are now before the Florida Supreme Court. *See Saadi v. Maroun*, 157 F.4th 1353, 1364 (11th Cir. 2025) (certifying multiple questions to the Florida Supreme Court, including: "Given the 2014 and 2016 amendments to Fla. Stat. § 56.29, can a judgment creditor seek a monetary judgment under § 56.29(3)(b) for the life of the judgment, or have those amendments situated that remedy solely within § 56.29(9) such that the limitation periods under Fla. Stat. § 726.110 apply?"); *Saadi v. Maroun*, SC2025-1675 (Fla. Oct. 28, 2025) (ordering merits briefing on certified questions).

### *Relation Back Doctrine*

Florida Rule of Civil Procedure 1.190(c) governs the relation back of amendments and states that "[w]hen the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."

The relation back doctrine under rule 1.190(c) applies only to amendments of "pleadings." Rule 1.100(a) states that "[n]o other pleadings will be allowed" except for: "a complaint or, when so designated by a statute or rule, a petition"; answers to complaints, counterclaims, and crossclaims; third-party complaints and answers; and replies containing avoidances to affirmative defenses. Ordinarily, a motion is not a pleading within the meaning of the rules of civil procedure. *See Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 567 (Fla. 2005); *Gannon v. Cuckler*, 281 So. 3d 587, 596 (Fla. 2d DCA 2019); *Quillen v. Quillen*, 247 So. 3d 40, 43 (Fla. 1st DCA 2018); *Sardon Found. v. New Horizons Serv. Dogs, Inc.*, 852 So. 2d 416, 421 (Fla. 5th DCA 2003).

In *Doe*, the Florida Supreme Court rejected "a bright-line rule that an amendment asserting a new cause of action cannot relate back to the filing of the original complaint." 210 So. 3d at 43. The Court cited three factors in support of this interpretation of rule 1.190(c). *Id.* at 46. First, the Court

explained that this interpretation was "consistent with Florida's judicial policy of freely permitting amendments to pleadings, as long as they do not prejudice the opposing party, so that cases may be resolved on the merits." *Id.* Second, the Court noted that "[p]ermitting relation back in this context is also consistent with Florida case law holding that rule 1.190(c) is to be liberally construed and applied." *Id.* (quoting *Caduceus Props., LLC v. Graney,* 137 So. 3d 987, 992 (Fla. 2014)). Third, the Court noted that "this interpretation is consistent with the purpose of the statute of limitations, which is 'to protect defendants from unusually long delays in the filing of lawsuits and to prevent prejudice to defendants from the unexpected enforcement of stale claims'—a purpose that is not implicated where the new claims concern the same conduct, transaction, or occurrence as the original." *Id.* (quoting *Caduceus Props.,* 137 So. 3d at 992).

Important in this case, a proceeding supplementary under section 56.29 is a special statutory proceeding. Florida Rule of Civil Procedure 1.010 states that "[t]he form, content, procedure, and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary." As we discuss below, section 56.29 authorizes filings different than those prescribed in rule 1.100(a).

### *This Case*

Here, the trial court erred in dismissing the supplemental complaints in their entirety as untimely. We conclude that the supplemental complaints related back to the original motion to commence proceedings supplementary.

The claims asserted in the supplemental complaints arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the motion to commence proceedings supplementary, so the supplemental complaints relate back to the motion to commence. The three *Doe* factors support relation back here because the supplemental complaints would allow the case to be resolved on the merits without prejudicing the defendants, the relation back concept is to be liberally construed, and the purpose of the statute of limitations is not implicated insofar as the supplemental complaints arose from the same conduct, transaction, or occurrence set forth in the motion to commence and clarified in the Statement of Particulars.

A motion to commence proceedings supplementary is tantamount to a complaint in an ordinary civil action. Under rule 1.010, because a proceeding supplementary is a special statutory proceeding, the "form,

content, procedure, and time for pleading" must be as prescribed in section 56.29. The rules of civil procedure do not specifically provide to the contrary. Section 56.29, in turn, provides that a proceeding supplementary is commenced by a motion and affidavit. § 56.29(1), Fla. Stat. (2024). Therefore, a motion to commence proceedings supplementary constitutes a "pleading" or the functional equivalent of a pleading. *See Pollizzi v. Paulshock*, 52 So. 3d 786, 790 (Fla. 5th DCA 2010) ("The filing of a motion for impleader is a sufficient pleading in order to assert a valid claim against third-party defendants in a supplementary proceeding.").

We distinguish the cases cited above which stand for the general proposition that motions are not pleadings. None of those cases involved application of the relation back doctrine to proceedings supplementary—a special statutory proceeding commenced by motion. Here, the June 2021 motion to commence operated as a pleading because it was a formal document setting forth the claims and allegations in support of commencing proceedings supplementary and impleading the transferees. *See Pleading*, Black's Law Dictionary (12th ed. 2024) (defining a "pleading" as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses").

We also distinguish *McGregor* because the proceedings supplementary there were not commenced until about a decade after the transfers and more than three years after their discovery. 332 So. 3d at 484–85.

Because the trial court erred in concluding that the supplemental complaints did not relate back to any earlier pleading, we reverse the orders granting the defendants' motions to dismiss and remand for further proceedings.[1] In light of this disposition, we find it unnecessary to address appellants' argument that *McGregor* should be reconsidered.

---

[1] We do not hold that every alleged fraudulent transfer identified in the supplemental complaints was necessarily brought within the applicable limitations period. The limitations period varies depending upon whether the claim is being advanced under section 726.105(1)(a), 726.105(1)(b), 726.106(1) or 726.106(2). Our holding is limited to the conclusion that the trial court erred in dismissing the supplemental complaints in their entirety where the supplemental complaints related back to the motion to commence proceedings supplementary. Thus, for purposes of analyzing any statute of limitations arguments on remand, the trial court should treat the action as having been brought on June 17, 2021, when appellants filed their motion to commence proceedings supplementary.

*Reversed and remanded.*

MAY and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**